UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN BARKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:05CV694 HEA |
| | ) |
| MISSOURI DEPARTMENT OF | ) |
| CORRECTIONS, and | ) |
| STEVE LONG, | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants Missouri Department of Corrections and Steve Long's Motion to Dismiss [#9], which was filed on October 6, 2005. To date, Plaintiff has not responded to the motion. For the reasons set forth below, Defendant's motion is granted.

**Facts and Background**

Plaintiff, John Barker, a corrections officer employed by the Department of Corrections, alleges in his Complaint that he is the victim of harassment and retaliation for the previous suits and charges of discrimination he has filed in this Court and before the Missouri Commission on Human Rights (MCHR) and the Equal Employment Opportunity Commission (EEOC). Plaintiff also claims to have been accused of unprofessional behavior toward his fellow officers, that he did not receive pay for three

days, and that he was transferred to another correctional center. Such "sanctions" were to be effective between April 21, 2005 and April 25, 2005. Plaintiff does not seek damages in his Complaint, only injunctive relief to prevent the docking of his pay and his transfer. Plaintiff's claim against Defendant Steve Long is based on Long's supervisory responsibilities as the Director of the Division of Adult Institutions in the Department of Corrections.

## Discussion

In their motion to dismiss, Defendants contend they should be dismissed from this cause of action because Plaintiff's allegations against them are insufficient to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants argue that (1) Plaintiff's claims are moot, (2) Plaintiff has failed to exhaust his administrative remedies, and (3) Defendant Steve Long may not be held liable in his individual capacity under Title VII.

The Court must first determine whether subject matter jurisdiction exists in this matter by examining Defendants' argument regarding Plaintiff's failure to exhaust his administrative remedies. Defendants' argument, however, is improperly premised upon Rule 12(b)(6) for failure to state a claim. The proper and correct analysis is based upon Rule 12(b)(1) for lack of jurisdiction over the subject matter. The argument will,

therefore, be considered as such.

Defendants argue that Plaintiff's claims must be dismissed because Plaintiff fails to allege he has received a "right to sue" letter from the EEOC pursuant to 42 U.S.C. § 2000e-5(b), (c), and (e). Defendants contend that Plaintiff has failed to exhaust his administrative remedies because he has failed to allege fulfillment of a prerequisite to a Title VII suit in this Court.

It is academic that the requirement of a right to sue letter is jurisdictional, and in the absence thereof, the Court lacks subject matter jurisdiction. In order to exhaust administrative remedies under the Missouri Human Rights Act and Title VII, a party must file an administrative claim with the EEOC and/or the MCHR, and must either adjudicate the claim through such agencies or obtain a right to sue letter from them. *Tart v. Hill Behan Lumber Co.*, 31 F.3d 668, 671 (8th Cir. 1994); *Green v. City of St. Louis*, 870 S.W.2d 794 (Mo. banc 1994) Although Plaintiff has allegedly filed a charge of retaliation with both the EEOC and the MCHR, Plaintiff has failed to allege, or demonstrate, he has obtained a right to sue letter from either agency. Before this Court can hear Plaintiff's claims, Plaintiff must first adjudicate his claims with the EEOC and MCHR, as this is a prerequisite for the Court's jurisdiction. Therefore, this Court lacks subject matter jurisdiction, and Plaintiff's Complaint must be dismissed pursuant

to Rule 12(b)(1). Having so concluded, the Court need not address Defendants' arguments with respect to Plaintiff's failure to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [#9] is granted.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to amend his Complaint; Plaintiff shall have up to and including January 6, 2006 to file an Amended Complaint, or this matter shall be dismissed without prejudice.

Dated this 6th day of December, 2005.

_____
   HENRY EDWARD AUTREY
  UNITED STATES DISTRICT JUDGE